# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERRICA R. WILLIAMS, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., Foreign Corporations Operating in Nebraska; and WELLS FARGO & COMPANY, Foreign Corporations Operating in Nebraska;<br><br>Defendants. | 8:19CV61<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Compel Arbitration, ECF No. 12, filed by Defendants Wells Fargo Bank, N.A., and Wells Fargo & Company. For the reasons stated below, the Motion will be granted.

## BACKGROUND

On February 6, 2019, Plaintiff Jerrica Williams filed the Complaint, ECF No. 1, alleging her employers, Wells Fargo Bank, N.A., and Wells Fargo & Company (collectively, Wells Fargo), discriminated against her on the bases of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1104 (NFEPA). Williams also asserted a claim for breach of contract against Wells Fargo based on the allegation that she reasonably expected to be treated fairly but Wells Fargo provided white employees certain accommodations that she was denied.

When Williams accepted at-will employment with Wells Fargo, she signed the Wells Fargo Mutual Arbitration Agreement, ECF No. 14-1, wherein she agreed that

certain legal claims would be resolved by final and binding arbitration. Accordingly, on March 4, 2019, Wells Fargo filed the pending Motion to Compel Arbitration under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Wells Fargo asks the Court to dismiss Williams's action, with prejudice, or to stay the case pending initiation of arbitration proceedings. Williams did not respond to the Motion.

## STANDARD OF REVIEW

Motions to compel arbitration may be submitted under Rule 12(b)(6) or Rule 56, but they "must ultimately 'be treated as one for summary judgment under Rule 56.'" *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 882 (8th Cir. 2017) (quoting Fed. R. Civ. P. 12(d)).

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)).

## DISCUSSION

"Two questions are pertinent when [considering] . . . a motion to compel arbitration: (1) whether the parties entered a valid arbitration agreement, and, (2) if so, whether the parties' particular 'dispute falls within the scope of the arbitration agreement.'" *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 873 (8th Cir. 2018) (quoting *Unison Co. v. Juhl*

2

*Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015)). Arbitration is a matter of contract, and "where a valid arbitration agreement exists, [courts] must liberally construe it, resolving any doubts in favor of arbitration . . . ." *Id.* (internal quotations omitted).

Wells Fargo produced a copy of the Mutual Arbitration Agreement signed by Williams who does not challenge its validity. The scope of that agreement includes claims by Williams against Wells Fargo "for discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, . . . or claims for violations of any federal, state, or local statute, regulation, or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964 . . . ." ECF No. 14-1, Page ID 34. Therefore, according to the undisputed evidence, Williams's discrimination and breach-of-contract claims are within the scope of a valid arbitration agreement. *See McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 957 (8th Cir. 2009) ("[W]e have recognized the permissibility of subjecting employment-related civil rights claims to arbitration.") (citing *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 837-38 (8th Cir. 1997) (holding Title VII claims could be subject to arbitration).

As such, Wells Fargo asks the Court to dismiss this action, with prejudice, or stay the case. "The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 779 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Green*, however, the court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear

3

the entire controversy between the parties will be resolved by arbitration." *Id.* at 669-70; *see also Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) ("The appropriate procedure would have been for the district court to stay or dismiss the case . . . pending arbitration."); *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1168 (8th Cir. 2017) ("The district court may decide whether to stay this action or dismiss it pending resolution of the arbitrations.") (citing *Unison Co.*, 789 F.3d at 821); *but see Unison Co.*, 789 F.3d at 821 (Shepherd, J., concurring) (stating "section 3 of the Federal Arbitration Act unambiguously directs a district court to stay an action and does not give a district court the discretion to dismiss an action").

Because it is clear the entire controversy between the parties is subject to, and must be resolved by, arbitration, the Court will dismiss this action, without prejudice.

IT IS ORDERED:

1. The Motion to Compel Arbitration, ECF No. 12, filed by Defendants Wells Fargo Bank, N.A., and Wells Fargo & Company, is granted;

2. This action is dismissed, without prejudice; and

3. A separate judgment will be entered.

Dated this 28th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge